SAMUEL LEVY *v.* THOMAS J. ROSSEL ET AL.

1. CHANCERY. *Order appointing receiver. Construction. Exemption.*

A decree appointing a receiver impliedly limits the right of the receiver to property which is not exempt from execution.

2. SAME. *Contract devoting property to creditors. Exemption.*

A contract by mercantile partners, who are largely indebted, that their business shall be conducted by others, and that all money arising therefrom shall be applied *pro rata* to the debts of the partnership, with power in the succeeding managers to replenish the stock, but requiring that the proceeds of all sales shall be deposited in a bank and paid out ratably to the creditors, will preclude the partners from claiming an exemption in the property covered by the contract.

FROM the chancery court of Harrison county.

HON. STONE DEVOURS, Chancellor.

Rossel and others, appellees, were complainants, and Levy, appellant, and others, were defendants in the court below.    For the report of a motion in the case see *Levy* v. *Rossel, ante,* 68.

In May, 1900, appellant, Levy, and one Antoine Belande entered into an agreement to carry on a dram shop in Biloxi. By the terms of their agreement, Levy was to furnish all the money, and to sustain all losses and receive all net profits.    Belande was to manage the business and receive $50 per month and 2 per centum of the gross receipts, and not to share in the profits or losses of the business.    The business was conducted under the firm name of Levy & Belande.    The business was thus conducted until December, 1901, when Levy became insolvent, and the partners disagreed as to the management, and the business was largely in debt.    They reached an agreement, which was reduced to writing, by which the business was to be turned over to Kennedy and Glennan, as managers, with full

power and authority to conduct the business, and to pay out the money arising therefrom to the payment of the debts of Levy & Belande, share and share alike. These managers were empowered to replenish the stock from time to time, and were to deposit the net proceeds of the business in a bank of Biloxi, to be paid out ratably to the creditors of Levy & Belande. Kennedy and Glennan conducted the business until the license expired, and deposited the money (twelve or fifteen hundred dollars) in a bank, but failed to pay it out to the creditors of Levy & Belande; and Glennan assumed exclusive control, and was paying this money out to some of the individual creditors of Levy. In the meantime Levy had filed a voluntary petition in bankruptcy and had received his discharge, and had listed this money as part of his individual assets, and attempted to get it into the hands of the trustee in bankruptcy. Appellees, creditors of Levy & Belande, then filed the bill in this case in the chancery court, and asked that a receiver be appointed to take charge of the property to be administered in the chancery court. All the defendants entered their appearance, and consented to the appointment of a receiver, except Levy, who answered the bill. He averred in his bill that he was the head of a family, a citizen of the state, a householder having a family residing in the city of Biloxi, and entitled under the concluding clause of § 1971, Code 1892, to $250 exemption. The chancellor appointed a receiver, and from the order Levy appealed to the supreme court.

*Harper & Harper,* for appellant.

The evidence shows clearly that Levy is entitled to claim exemptions as the head of the family. The courts of Mississippi and the federal courts are liberal in their interpretation of exemption laws in favor of the debtor, they hold that any interest in the personal property, whether fee simple, life estate, or mere possessory title or right of possession, is sufficient to en-

title the debtor to his exemptions. They go so far as to allow the owner to convey his property in fraud of his creditors and then claim his exemptions in the property when the deed is set aside. by the creditors.

Brandenburg on Bankruptcy says, on page 81: "Where a conveyance, fraudulent as to creditors, is set aside by a bankrupt court at the instance of the assignee the parties are restored to the state they occupied prior to such conveyance, and a bankrupt is entitled to his exemptions and is not estopped by said fraudulent conveyance."

In the case of *Steen* v. *Hamblet,* 66 Miss., 112, Justice Campbell delivering the opinion says that a possessory claim is sufficient to entitle the debtor to the exemptions simply because the legislature says that he shall have such exemptions. In the case of *Dulion* v. *Harkness,* 80 Miss., 8, Justice Terral, delivering the opinion, sustains the doctrine laid down by the numerous authorities cited by Brandenburg on Bankruptcy.

In cases of partnership as in cases of tenants in common the exemption does not exist unless of course their interest is ascertained or severed, and then in either case the exemption is allowed. "Where there is no fraudulent intention partners may dissolve the partnership or sever their interest in the property, or one partner sell his interest to the other, and the continuing partner may have his exemptions the same as if no partnership had existed. *In re Bjornstad,* 18 N. B. R., 282.

Property exempt by the laws of the state does not pass to the trustee in bankruptcy at all; he acquires no title to it and the title of the owner is not impaired by the proceedings in bankruptcy. *In re Hunt,* 5 N. B. R., 493, Federal cases 6, 883; *In re Hester,* 5 N. B. R., 285, Federal cases, 6437; *Bush* v. *Lester,* 15 N. B. R., 36; *Wilkinson* v. *Wait,* 44 Vt. 508; *Felker* v. *Crane,* 70 Ga., 484.

*Dodds & Griffith* and *Ford & White,* for appellee.

Levy claims exemption out of property he had eight months before turned over absolutely to Glennan and Kennedy as trustees for the creditors of the firm of Levy & Bellande.

The assignment to Glennan and Kennedy, and the complete delivery of possession under it constituted an informal assignment; it is a transfer of the property to trustees for the application thereof to the payment of the debts of Levy & Bellande. Burrill on Assignments, 3. The creditors accepted the arrangement and Glennan and Kennedy took full possession and absolutely of all the property, and all parties went ahead and acted on such assignment for eight or nine months, or until the trustees disagreed and began to misapply and waste the property. Appellant Levy is now inclined to say that this cannot be considered an assignment because as such it would provide a scheme for the violation of the law, and would thus be void totally.

Levy cannot be permitted to take advantage of his own wrong and, having authorized the scheme of assignment, turned over all his property, and the trustees long in possession, with the creditors afterwards accepting the arrangement, he, Levy, cannot now be heard to say the assignment is invalid. It is valid as to him. And being such assignment, if he desired his exemptions he should have reserved them. *Burrill on Assignments,* 98, 28 Conn., 47, 17 Mich., 38.

High on Receivers, p. 459, says: "And the rule holds good even though the order of appointment is in general terms without excepting exempt property, since such order, however broad in its language, must be understood as limited in its operation by the statute exempting the property from execution, and the law attaches to the order and becomes a part of it." So the general order would be no cause for reversal, as the exemption can be allowed under the order, especially as in the present case where no property was taken out of the hands of appellant by the appointment, and had appellant prosecuted his claim in

the lower court directly for his exemptions, if entitled to it, he could have got it as soon or sooner than by appealing.

Argued orally by *W. R. Harper,* for appellant, and by *Virgil A. Griffith,* for appellee.

CALHOON, J., delivered the opinion of the court.

The appointment of the receiver was entirely proper, upon the facts of this case. Whether Levy was entitled to set up the exemption claim on the ground that he and Belande were not partners, and that all the money, proceeds of the sale of liquor, etc., belonged to him or not, it is clear that by agreement between him and Belande, on one part, and Kennedy and Glennan on the other, Levy expressly agreed, as did Belande, "that all money arising from the proceeds and management shall be scrupulously devoted to the payment of our just debts, share and share alike, the list of which debts is hereunto attached and made a part of this exhibit." The agreement referred to contains this further clause: "It is further required by the said Levy and Belande, and it is agreed by the said Glennan and Kennedy, that, at the end of every 60 days after they take charge of said business, they will pay to one of the banks of said city, to be selected by themselves, all of the net profits arising from said business, to be paid out by the said bank ratably to the persons named in the list of creditors hereto attached." Here is an express agreement on the part of Levy that all the money realized from the sales by Glennan and Kennedy should be paid, one-half on his debts and one-half on Belande's debts. In other words, here is a devotion of all the proceeds of these sales to the debts of Levy & Belande, share and share alike. It cannot be held, in the face of this agreement, that Levy has not precluded himself from claiming any of the property as exempt, since by the contract the property was devoted to creditors. The action of the learned chancellor was, on this ground,

correct. So far as the order appointing the receiver was concerned the law relating to exemptions became a part of that order, just as if written in it, and hence the order should be read as not directing the receiver to take charge of anything which was properly exempt. *Finnin* v. *Malloy,* 33 N. Y. Super. Ct., 382.

But we understand the scope of the agreement mentioned to be that all the money realized from the sale of wines, liquors, etc., should be applied as stated, and that the only purpose for keeping wines, liquors, etc., on hand, by replenishing, was to devote their profits, when sold, to the payment of the debts of Levy & Belande. It seems to us that the purpose of the agreement on the part of both Levy and Belande was that the entire stock of liquor, etc., should be converted into money, and that that money should be applied as stated. It is clear from the record that all the fixtures in the dramshop were covered by a mortgage, and that even the cash register was subject to a lien for the purchase money. No exemption could be claimed in them.

Under this state of case we think the contract devoted the property to creditors and precludes Levy from claiming an exemption therein; and for this reason the decree appealed from is affirmed.

*Affirmed.*